

FILED
OCT 25 2021
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY GGV            DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN LOPEZ,<br><br>Defendant. | Case No.: 3:19-cr-3716-BTM<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE AND SEALING CERTAIN DOCUMENTS**<br><br>[ECF No. 50] |

Defendant Jonathan Lopez is serving his 27-month sentence at the Metropolitan Correctional Center ("MCC") for violation of 21 U.S.C. §§ 952, 960 (importation of methamphetamine). Lopez now seeks to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 50 ("Mot.")) The Court **DENIES** Lopez's motion for the reasons below.

## I. BACKGROUND

Lopez pleaded guilty to one count of importing methamphetamine, in violation of 21 U.S.C. §§ 952, 960 (ECF Nos. 22, 25.) He was sentenced to 27 months in Bureau of Prison ("BOP") custody to be followed by four years of supervised release. (ECF No. 47.) To date, Lopez has served about 19 months (or 70%) of his sentence.

On January 12, 2021, Lopez requested from the Warden home confinement or placement in a halfway house. (ECF No. 57-1 ("Ex. A"), at 2.) After the Warden denied his request, Lopez requested it again on March 19, 2021. (*Id.* at 4.) This time, the Warden authorized Lopez's transfer to Correctional Alternatives, Inc. ("CAI"), a halfway house. Lopez was transferred there on May 28, 2021. (ECF No. 57-2 ("Ex. B"), at 2.)

On July 21, 2021, Lopez filed the present compassionate release motion. Lopez claims early release is warranted because (1) he is a first time offender who has spent his time in custody working and completing programs, and (2) he needs to return to his family to provide for his daughter. (Mot., at 5.)

The Court directed the Federal Defenders of San Diego Inc. to draft a status report evaluating Mr. Lopez's motion. (ECF Nos. 51, 52.) The Federal Defenders stated that it "believes that the court can decide the motion on the existing record without further assistance of counsel." (ECF No. 54.)

On August 21, 2021, Lopez was sanctioned at CAI for using drugs or alcohol and was removed from the program and transferred to the MCC. (ECF No. 57-3 ("Ex. C"), at 2.)

## II. LEGAL STANDARD

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) provides that:

> [T]he court, upon motion of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
> (i) extraordinary and compelling reasons warrant such a reduction
> ...
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The Ninth Circuit has held "the Sentencing Commission has not yet issued a policy statement 'applicable' to 3582(c)(1)(A) motions filed by a defendant" and "the Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court . . . [but] are not binding." *United States v. Aruda,* 993 F.3d 797, 802 (9th Cir. 2021).

## III. DISCUSSION

### A. Exhaustion

Thirty days have lapsed since Lopez initiated the administrative remedy process. (Mot., at 23–2)). However, the Court finds that Lopez has not exhausted his administrative remedies.

Lopez initially requested home confinement or transfer to a halfway house. Despite the Warden eventually granting his request, Lopez now seeks release from custody. But Lopez never requested BOP to move the Court for a reduction in his sentence. Lopez filed the compassionate release motion before the Court after he was transferred to CAI. He did not first apply to the Warden to pursue the relief he seeks now. Therefore, Lopez has failed to exhaust his administrative remedies. *United States v. Keller,* 2 F.4th 1278, 1283 (9th Cir. 2021) ("[The exhaustion requirement] allow[s] the executive branch to carefully evaluate a claim in the first instance and possibly obviate the need for litigation *before* it begins.").

### B. Extraordinary and Compelling Reasons

Even if the Court determined that Lopez exhausted his administrative remedies, Lopez has not shown extraordinary and compelling reasons meriting release. Lopez claims that his first time offender status in conjunction with his rehabilitation efforts, and need to provide for his daughter constitute extraordinary and compelling reasons to grant him compassionate release.

Although § 3582(c)(1)(A)(i) does not define what constitutes "extraordinary and compelling circumstances," the application notes to the United States Sentencing Guideline 1B1.13 policy statement identify three sets of such

circumstances: "medical condition of the defendant," "age of the defendant," and "family circumstances." U.S.S.G. § 1B1.13, cmt. n.1. As discussed above, because the policy statement is not binding, courts may consider those identified circumstances, but are not bound by them.

District courts may consider a defendant's rehabilitation "when deciding whether extraordinary and compelling reasons exist for their release, so long as the defendant "does not rely *solely* on his . . . rehabilitation." *United States v. Brooker*, 976 F.3d 228, 238 (2d Cir. 2020). While Lopez has made strides towards rehabilitation, his recent use of alcohol or drugs while at CAI is certainly a setback. Nor can the Court say that Lopez's lack of criminal history constitutes an extraordinary and compelling circumstance.

Lopez argues that he is needed to serve as a caregiver. This argument relates to the "family circumstances" prong of the policy statement. The policy statement provides that the "death or incapacitation of the caregiver of the defendant's minor children" or the "incapacitation of the defendant's spouse or registered partner when the defendant would be [that person's] only available caregiver" constitute extraordinary and compelling circumstances for purposes of compassionate release. U.S.S.G. § 1B1.13, cmt. n.1(C). Lopez has failed to make "a robust evidentiary showing that [he] is the only available caregiver." *United States v. Bragg*, No. 12CR3617-CAB, 2021 WL 662269, at *2 (S.D. Cal. Feb. 19, 2021) (internal quotation marks omitted); *see, e.g.*, *United States v. Jordan*, No.: 3:18-cr-04496-GPC, 2020 WL 6504958, at * 4 (S.D. Cal. Nov. 5, 2021) (recognizing the hardship defendant faced while being separated from his very sick wife, but finding his "motion's complete lack of detail as to [he being] the only available caretaker for her causes the Court to conclude he has not presented extraordinary and compelling reasons for release.").

### C. 18 U.S.C. § 3553 Sentencing Factors

Because Lopez has not provided extraordinary and compelling reasons

meriting release, the court need not reach the § 3553 sentencing factors.

## IV.  CONCLUSION

The motion for release under § 3582(c) is **DENIED**.

The defendant's request to seal certain documents (ECF No. 50, at 5) is **GRANTED**. The Clerk shall seal the pages 7-12 and 30-54 of ECF No. 50 as they contain private and medical information.

**IT IS SO ORDERED**.

Dated:  October 25, 2021

Honorable Barry Ted Moskowitz
United States District Judge